IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

CHRISTOPHER WARD,

Plaintiff,

v.

CIVIL ACTION NO.: CV507-069

CLARENCE BLOUNT,

Defendant.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate currently confined at Coffee Correctional Facility in Nicholls, Georgia, has filed a complaint pursuant to 42 U.S.C. § 1983. A prisoner proceeding in a civil action against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act, 28 U.S.C. §§ 1915 & 1915A. In determining compliance, the court shall be guided by the longstanding principle that *pro se* pleadings are entitled to liberal construction. Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 596, 30 L. Ed. 2d 652 (1972); Walker v. Dugger, 860 F.2d 1010, 1011 (11th Cir. 1988).

28 U.S.C. § 1915A requires a district court to screen the complaint for cognizable claims before or as soon as possible after docketing. The court must dismiss the complaint or any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2).

In Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997), the Eleventh Circuit interpreted the language contained in 28 U.S.C. § 1915(e)(2)(B)(ii), which is nearly identical to that contained in the screening provisions of § 1915A(b). As the language of § 1915(e)(2)(B)(ii) closely tracks the language of Federal Rule of Civil Procedure 12(b)(6), the court held that the same standards for determining whether to dismiss for failure to state a claim under Rule 12(b)(6) should be applied to prisoner complaints filed pursuant to § 1915(e)(2)(B)(ii). Mitchell, 112 F.3d at 1490. The court may dismiss a complaint for failure to state a claim only where it appears beyond a doubt that a *pro se* litigant can prove no set of facts that would entitle him to relief. Hughes v. Rowe, 449 U.S. 5, 10, 101 S. Ct. 173, 176, 66 L. Ed. 2d 163, 169-70 (1980); Mitchell, 112 F.3d at 1490. While the court in Mitchell interpreted § 1915(e), its interpretation guides this Court in applying the identical language of § 1915A.

Plaintiff contends that subsequent to his conviction and sentencing in Baldwin County, Georgia, he filed a petition for writ of habeas corpus in Coffee County, Georgia. Plaintiff alleges that Superior Court Judge Clarence Blount refuses to hear his petition and has thus deprived him of his right to due process of law.

Plaintiff names as the only Defendant in this action Clarence Blount, a Superior Court Judge, and alleges that Judge Blount is liable to him for the alleged violation of his constitutional rights. Congress did not abrogate the doctrine of judicial immunity when it enacted section 1983. Judicial immunity is an absolute immunity, and it applies even when a judge acts maliciously. Stump v. Sparkman, 435 U.S. 349, 356, 98 S. Ct. 1099, 1104, 55 L. Ed. 2d 331 (1978) (holding judicial immunity doctrine applies in § 1983 actions); Harris v. Deveaux, 780 F.2d 911, 914 (11th Cir. 1986). Absolute

2

immunity not only protects against liability but also against a case going to trial at all. Harris, 780 F.2d at 913. A judge can be deprived of this absolute immunity in only two situations: (1) where the action was not taken in the judge's judicial capacity; or (2) where action was taken in the judicial capacity but the judge was wholly without any jurisdiction. Stump, 435 U.S. at 356-63, 98 S. Ct. at 1105-1108. Clearly, the adjudication of Plaintiff's claim for state post-conviction relief is action taken within Defendant's judicial capacity. Furthermore, it does not appear, nor does Plaintiff allege, that Defendant acted in the "clear absence of all jurisdiction" over the petition. See id. at 356-57, 98 S. Ct. 1105. Accordingly, Defendant is entitled to judicial immunity, and Plaintiff's Complaint against him must be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this 15th day of October, 2007.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE